# EXHIBIT "1"

## FLSA SETTLEMENT AGREEMENT AND LIMITED GENERAL RELEASE

This FLSA Settlement Agreement and Limited General Release (the "Agreement") is made and entered into on the date(s) reflected below by and between NATIONAL DELIVERY SOLUTIONS, LLC (sometimes referred to as "NDS", "the Company" or "Defendant") and AARON LUKA (sometimes referred to as "Luka" or "the Plaintiff").

WHEREAS:

A.  On or about January 20, 2021, Luka filed a lawsuit against NDS in the United States District Court, Southern District of Florida, Case No. 0:21-cv-60130-RKA ("the Civil Action").

B.  In the Civil Action, Luka sought monetary damages and other relief in connection with NDS' alleged violations of the Fair Labor Standards Act ("FLSA"). NDS denies all allegations in the Civil Action and asserts Luka was correctly classified as a 1099 independent contractor and therefore not covered by the FLSA and not entitled to overtime compensation. Furthermore, Defendant contends that at all times it acted in good faith and is therefore not subject to FLSA's liquidated damages provisions.

C.  NDS agrees, acknowledges, and understands Luka also intends to file, maintain, and pursue a separate lawsuit against NDS in the appropriate state court of competent jurisdiction for alleged retaliation pursuant to Florida's workers' compensation law, § 440.205, Fla. Stat. By this Agreement and Limited Release, Luka is neither waiving nor releasing his rights and claims in connection with same, and NDS also retains all rights to defend such lawsuit accordingly.

D.  In order to avoid the further costs and burdens of litigation, Luka and NDS now desire to settle fully and finally any and all differences between them, including, but not limited to, those differences embodied in the Civil Action.

**NOW, THEREFORE,** the Defendant and the Plaintiff agree as follows:

1.  The foregoing recitals constitute part of this Agreement.

2.  In consideration of this Settlement Agreement and the mutual promises set forth herein, and in full, final and complete settlement, the Company shall cause to be paid to the Plaintiff and his attorneys, Padula Bennardo Levine, LLP ("Plaintiff's attorneys"), the total gross amount of Nine Thousand One Hundred Sixty-Seven Dollars and No Cents ($9,167.00) (the "Settlement Amount"). Plaintiff shall receive the total gross and net amount of Four Thousand Two Hundred Dollars and No Cents ($4,200.00) as consideration for Plaintiff's execution of this Agreement, which shall not be considered as wages and not subject to withholdings. For this payment the Defendant will issue to Plaintiff an IRS form 1099. Plaintiff's attorneys shall receive the total gross and net amount of $4,967.00 (for attorney's fees and costs and additional consideration for this Agreement). No deductions or withholdings will be made from this payment, and this amount will be reported on an IRS form 1099 issued to Padula Bennardo Levine, LLP. Payment of the Settlement Amount shall be made by no later than Friday, February 26, 2021, via delivery of two (2) separate checks (one made payable to Luka and one made payable to Padula Bennardo Levine LLP). Plaintiff's attorneys shall not disburse unless and until this Agreement has been executed by Plaintiff.

3. Conditioned on receipt and clearance of the total Settlement Amount, Plaintiff's attorneys shall then file a notice of voluntary dismissal with prejudice of the Civil Action.

4. The consideration set forth above is in full and complete settlement of Plaintiff's Claims under the FLSA as set forth in the Complaint. It represents a payment to which Plaintiff would not otherwise be entitled but for his entry into this Agreement. Plaintiff acknowledges that the payment set forth in this action constitutes the amount of overtime he has asserted that he is owed by Defendant for work performed through the date Plaintiff executes this Agreement.

5. The Plaintiff, in consideration of this Agreement and the mutual promises set forth herein, and for other good and valuable consideration received from or on behalf of the Company, receipt whereof is hereby acknowledged, hereby *releases and forever discharges* the Company and the Company's parent companies, subsidiaries, divisions, affiliates, and related companies, and any predecessors, successors, heirs, executors, administrators, assigns, shareholders (direct or indirect), directors, officers, employees, agents, and attorneys (and the shareholders (direct or indirect), directors, officers, employees, agents, and attorneys of such parent companies, subsidiaries, affiliates, and related companies), and all persons acting by, under, or in concert with, any of them, (hereinafter defined separately and collectively as the "Defendant Releasees"), from any and all claims asserted, or which could have been asserted, in the Civil Action, under the Fair Labor Standards Act of 1938, as amended, and any and all claims for monetary recovery, including, but not limited to, back wages or liquidated damages, attorneys' fees, experts' fees, disbursements, and costs under the Fair Labor Standards Act of 1938, as amended, and/or any similar Florida wage and hour laws; which, against the Defendant Releasees, Plaintiff or his heirs, executors, administrators, successors, and assigns ever had, now has, or hereafter can, will, or may have, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date Plaintiff executes this Agreement.

Plaintiff agrees, acknowledges and confirms that he has not worked any additional overtime for which he is eligible to receive any additional compensation not otherwise paid to him previously or pursuant to this Agreement.

This release does not include any and all claims which arise or may arise subsequent to the execution of this Agreement.

This release specifically excludes any and all claims for damages and other relief Luka intends to file, maintain and pursue against NDS based on alleged retaliation under Florida's workers' compensation law, § 440.205, Fla. Stat. Luka specifically is not waiving or releasing any claims or rights relating to such action.

6. The Plaintiff understands and acknowledges that there may be facts or information which he does not know or suspects to exist in his favor at the time he executes this Agreement, and he agrees that this Agreement is intended to and does extinguish any and all claims he might have based on such facts or information.

7. No payment made pursuant to this Agreement shall constitute or be considered "wages," "earnings" or "compensation" for any purpose under any retirement plan, welfare plan, stock purchase plan, bonus plan, employee stock ownership plan or vacation policy of the Company.

8. In the event of any litigation (including appellate proceedings or arbitration) arising out of or relating to this Agreement, the prevailing party shall recover, in addition to any and all other relief, his or its attorneys' fees and expenses.

9. This Agreement is to be interpreted, construed, and enforced pursuant to the substantive laws of the State of Florida, without regard to choice of law principles. Any action or proceeding relating to or arising out of this Agreement shall solely and exclusively be brought in a state court of competent jurisdiction.

10. Should any term or provision of this Agreement require interpretation or construction, it is agreed by the parties that the court or other entity interpreting or construing this document shall not apply any presumption that the terms and provisions of this Agreement shall be more strictly construed against any particular party, it being agreed that all parties and their respective attorneys have fully participated in the preparation of all terms and provisions of this Agreement.

11. This Agreement sets forth the entire agreement between the parties hereto, fully supersedes any and all prior agreements or understandings, oral or otherwise, between the parties regarding the subject matter hereof, and may not be modified orally.

12. This Agreement is not, and shall not in any way be construed as, an admission by the Company or any of the Defendant Releasees of any liability to, or of any unlawful or otherwise wrongful acts against, the Plaintiff or any other person, and the Company specifically disclaim any liability to, or any unlawful or otherwise wrongful acts against, the Plaintiff or any other person on the part of the Company or any of the other Defendant Releasees.

13. The Plaintiff represents and acknowledges that his signature hereon shows that he has decided, knowingly, voluntarily, freely and without coercion, after consulting with appropriate legal counsel, to execute this Agreement in return for the consideration paid by the Company, and that his signature appearing hereon is genuine.

14. Plaintiff and Defendant both agree that both Plaintiff and Defendant shall not criticize, disparage, make any negative or untrue statements, or otherwise undermine or disparage the reputation of the other or comment in any negative or untrue way upon any individual person's reputation, moral fitness and character, fitness, capacity and ability to perform that person's job or job duties, or Defendant's business model, operations, products, services, employees, independent contractors, practices, procedures, or policies of Defendant Releasees. This Paragraph shall not prohibit in any way Plaintiff from speaking freely and truthfully about his FLSA claim or the facts relating to same and will not likewise prohibit Defendant from speaking freely and truthfully about Defendant's denial, rebuttal and defense to Plaintiff's FLSA claim. The Parties understand and agree that this Paragraph is a material provision of this Agreement that any breach of this Paragraph shall be a material breach of this Agreement, and that Plaintiff, Defendant and/or the Releasees would be irreparably harmed by violation of this provision.

15. This Agreement may be executed in counterparts, each of which shall be deemed an original, and the counterparts shall together constitute one and the same instrument, notwithstanding that the parties hereto may not be signatories to the original or the same

counterpart. The parties agree and acknowledge that a photocopy, facsimile copy or scanned email copy of an executed signature or initialed page may be used in place of an original executed signature or initialed page for any purpose.

16. **THE PARTIES EXPRESSLY REPRESENT AND WARRANT THAT THEY (a) HAVE CAREFULLY READ THIS AGREEMENT OR HAVE HAD IT READ TO THEM; (b) FULLY UNDERSTAND THE TERMS, CONDITIONS, AND SIGNIFICANCE OF THIS AGREEMENT; (c) HAVE HAD AMPLE TIME TO CONSIDER AND NEGOTIATE THIS AGREEMENT; (d) HAVE HAD A FULL OPPORTUNITY TO REVIEW THIS AGREEMENT WITH THEIR RESPECTIVE ATTORNEYS AND HAVE DONE SO; AND (e) HAVE EXECUTED THIS AGREEMENT VOLUNTARILY, KNOWINGLY, AND WITH THE ADVICE OF THEIR RESPECTIVE ATTORNEYS.**

[SIGNATURES APPEAR ON FOLLOWING PAGE]

NATIONAL DELIVERY SOLUTIONS, LLC

By: _Cathrine J Stocker_
Signature

Dated: _2-24-2021_

AARON LUKA

_____
Signature

Dated: _____

5

NATIONAL DELIVERY SOLUTIONS, LLC

By: _____  _____

Dated: _____

AARON LUKA

*Aaron Luka*
Signature

Dated: __2/24/21__

5